DOUGLAS STENZEL - SBN 75421
Law Office of Douglas Stenzel
1111 Tahquitz Canyon Way, Suite 121
Palm Springs, California 92262
Telephone: 760/318-8383
Facsimile: 760/318-8393

Attorneys for: Plaintiff Christopher Upham

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER UPHAM,<br><br>    Plaintiff,<br><br>vs.<br><br>THE PERSONAL REPRESENTATIVE OF THE ESTATE OF PETER M. FOX; HELENA F. FOX, Individually and as Guardian Ad Litem for REBECCA H. FOX and ROBERT G. FOX, Minors,<br><br>    Defendants. | CASE NO. CV 08 1859 MMC<br><br>**CHRISTOPHER UPHAM'S CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** |

    Plaintiff submits his Case Management Statement herewith. A proposed order is not applicable at this time.

**Status of the Case.**

    Plaintiff filed this action on April 7, 2008, naming as defendants, The Personal Representative of the Estate of Peter M. Fox, deceased, Helena F. Fox and the Guardian Ad Litem(s) for Rebecca H. Fox and Robert G. Fox. It was at all times plaintiff's intention to file an application for subsequent administration in Case Number: 2002 ES 0700012 venued in the Probate Court of the County of Beaufort, State of South Carolina. The purpose of the intended probate action is to have the South Carolina Probate Court appoint a personal representative of the Estate of Peter M. Fox, deceased, and guardian ad litem(s) for the minor defendants, and thereafter request this Court to allow an amendment naming the duly appointed personal

representative and guardians ad litem as the proper defendants.

On or about April 21, 2008 an Application/Petition for Subsequent Administration was filed in the Probate Court. On or about April 28, a Supplement to Application/Petition for Subsequent Administration was filed in the Probate Court. A summons was duly issued and defendant, Helena F. Fox, was duly served. The matter was set for hearing on July 1, 2008.

On or about June 18, 2008, defendant Helena F. Fox, through her attorney Henry E. Grimball, filed a motion for continuance. Thereafter, Helena F. Fox filed a Rule 12(B) Motion to Dismiss plaintiff's Application/Petition for Subsequent Administration.

The Probate Court continued the hearing on plaintiff's Application/Petition for Subsequent Administration and defendant's Motion to Dismiss to August 7, 2008. Documentation will be provided to this court by counsel at the Initial Case Management Conference scheduled for July 18, 2008.

Counsel for plaintiff intends to request at the Initial Case Management Conference, pursuant to Federal Rule 4 (m), that the 120 day period in which to serve the summons and complaint be extended for a reasonable time which would allow the South Carolina Probate Court to rule on the pending matters.

Counsel for plaintiff intends to address with this court the matter of amended the summons and complaint to name real party defendants should plaintiff prevail on his Application/Petition for Subsequent Administration at the Initial Case Management Conference.

A. Description of the case:

1. <u>A brief description of the events underlying the action</u>:

Plaintiff invested a sum in excess of $300,000.00, in a real estate venture with Peter M. Fox, now deceased. In this action, plaintiff alleges fourteen causes of action consisting of breach of contract, breach of fiduciary duty, conversion, intentional misrepresentation, negligent misrepresentation, concealment of material facts, conspiracy to breach fiduciary duties, conspiracy to convert, conspiracy to defraud, accounting, unjust enrichment, injunction, constructive trust and fraud and misrepresentation.

//

2. The principal factual issues which the parties dispute:

Due to the status of the case, information regarding the factual issues which the parties dispute is not at this time available.

3. The principal legal issues which the parties dispute:

Due to the status of the case, information regarding the legal issues which the parties dispute is not at this time available.

4. Other issues which remain unresolved for the reason state below and the parties' proposed resolution:

Due to the status of the case, other issues are unknown at this time.

5. The parties who have not been served and the reasons for said lack of service:

Discussed in the initial status of the case, infra.

6. The additional parties who the below-specified parties intend to join and the intended time frame for such joinder:

Plaintiff intends to substitute the personal representative of Peter M. Fox, as a defendant when such person is known and to substitute the guardian ad litem(s) for the minor defendants when such person(s) is known.

Section B. Not applicable at this time.

Section C. Not applicable at this time.

Dated: 7/15/08                              LAW OFFICE OF DOUGLAS STENZEL

                                            By: _____
                                                DOUGLAS STENZEL
                                                Attorney for Christopher Upham

## PROOF OF SERVICE BY MAIL

I, the undersigned, am a resident of the County of Riverside, State of California, over the age of eighteen years and not a party to the within action. I am employed by the Law Office of Douglas Stenzel at 1111 Tahquitz Canyon Way, Suite 121, Palm Springs, California 92262.

On **July 15, 2008**, I served the within **CHRISTOPHER UPHAM'S CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** on the interested parties in said action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

**NO PARTIES TO SERVE AT THIS TIME**

I am "readily familiar" with the firm's practice and collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Palm Springs, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 7-15-08

DEBI BROUILLETTE